Parker C. J.
delivered the opinion of the Court. Since hearing the argument in this case, we have decided in a case at Cambridge, that by St. 1820, c. 79, the legislature intended by the terms real action to comprehend the action of quare clausum fregit, so far as regards the right of appeal. The reasons for this decision will appear in the report of that case.* *
The tide of the plaintiff was prima facie sufficiently proved by the records of the proprietors, showing a location of the locus in quo to John Child, under whom the plaintiff claims. A location by the proprietors imports a possession, the lot being laid out by a survey to the person to whom the location is made.
The objection that extracts only of the records were used in evidence, is sufficiently answered by the fact admitted, that the proprietors’ records were in the court room and at the disposal of the defendant during the trial.
The testimony of Holman was rightly admitted. He, be zng a practical surveyor, with long experience, would have acquired a skill in determining whether marks on trees or *166 piles of stones were intended as monuments of boundaries which makes his opinion proper evidence.[1]
It is immaterial whether the previous location to Waldo was rescinded rightfully or not, as respects the question be-. tween these parties. Waldo’s heirs might contend, but the defendant, setting up no title, is not authorized to question the title of the plaintiff on this ground.
We dpubt whether the copy of the letter produced in the case was properly admitted, for it was found, it seems, among the papers of the heir who acted as agent, and there was no evidence that any original was ever sent to, or received by the proprietors ; but for this cause alone a new trial would not be granted, as we think the records sufficiently show a substitution, by the consent of the heirs of Waldo, for the lot originally located to their ancestor.
But the Court are all clear, the judge who tried the cause, concurring, that on the plea of soil and freehold tendered by the defendant, on which issue was joined and on which the trial was had, there being no other plea or issue, the right of opening and closing the argument belonged to the defendant.* *[2] By such plea he admits the act complained of as a trespass, and undertakes to prove the property of the soil in himself. He has the affirmative, and if he fails to make it out, the verdict must be against him. Considering that this right of opening the cause and replying to the arguments of the plaintiff may be important, we feel ourselves obliged to grant a new trial; although from the view of the case which we have from the report, we think that the verdict is right.

 See Blood v. Kemp, post, 168.

 See Peterborough v. Jaffrey, 6 N. Hamp. R. 464, and cases there cited;, Roscoe’s Dig. Crim. Ev. (Amer. ed.) 137, n. (1), and cases there collected.

 See Pearson v. Coles, 1 Moody & Rob. 206; 1 Stark Ev. (5th Amer. ed.) 367, 368; Sawyer v. Merrill, 6 Pick. 478; Weidman v. Kohr, 13 Serg. & Rawle, 17; 1 Chitty’s Pl. (6th Amer. ed.) 539.